FILED

08/11/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0867

DA 25-0867

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 191N

JEFFREY P. HAVENS,

      Plaintiff and Appellant,

  v.

STATE OF MONTANA,

      Defendant and Appellee.

APPEAL FROM:   District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. DDV-2023-766
Honorable Christopher D. Abbott, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         Jeffrey P. Havens, Self-Represented, Helena, Montana

      For Appellee:

         Austin Knudsen, Montana Attorney General, Michael D. Russell, Thane Johnson, Alwyn Lansing, Michael Noonan, Assistant Attorneys General, Helena, Montana

Submitted on Briefs: May 27, 2026

Decided:  August 11, 2026

Filed:

_____
                  Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jeffrey P. Havens (Havens), self-represented Appellant, appeals the Montana First Judicial District Court's Order granting summary judgment in favor of the State and dismissing the matter with prejudice.

¶3 In 2021, the Montana Legislature passed Senate Bill 199, titled the Montana Local Food Choice Act, now codified at § 50-49-201 et seq., MCA. The law's stated purpose is to "allow for the sale and consumption of homemade food and food products and to encourage . . . the accessibility of homemade food and food products to informed end consumers." Section 50-49-201(2), MCA. The law prohibits the regulation of homemade food products under certain circumstances. *See generally* § 50-49-203, MCA. In 2023, the Legislature passed Senate Bill 202, amending and clarifying Senate Bill 199. For clarity, we refer to these bills as "the Act."

¶4 Havens, a former employee of the Montana Department of Health and Human Services (DPHHS), vehemently opposed the Act. In October 2022, Havens sent emails from his state email account to individuals outside DPHHS—including the Act's sponsor—contending the Act was unconstitutional. Havens was disciplined, but not terminated, for his actions. Havens resigned from DPHHS in November 2022.

2

¶5 In December 2023, Havens commenced this action, alleging the Act violates three provisions of the Montana Constitution: (1) equal protection; (2) distribution of local government powers; and (3) single subject rule. On September 16, 2024, Havens moved for summary judgment. The District Court denied Havens's motion. The State moved for summary judgment on October 3, 2025, arguing that the dispute was nonjusticiable for lack of standing.

¶6 Havens argued three bases for his standing: (1) that as a DPHHS sanitarian, he investigated illness caused by raw milk, and that he became concerned about the risk to the public; (2) that he faced an "illegal" work suspension for reporting "known legislative abuse within and by state agencies"; and (3) that he was "coerced" out of his DPHHS job. The District Court found that Havens had not demonstrated that the Act threatened to, or actually did, invade a "legally protected interest," as Havens admitted he was neither a producer, seller, nor consumer of the foods regulated by the Act. *Heffernan v. Missoula City Council*, 2011 MT 91, ¶ 35, 360 Mont. 207, 255 P.3d 80. The District Court rejected Havens's theories of standing based upon an alleged adverse employment action taken against him at DPHHS, finding that any connection between the passage of the Act and Havens's constitutional challenge was far too attenuated to confer standing. The District Court noted that, as to Havens's standing theories based on alleged adverse employment action, "[t]his . . . is not an employment discrimination action; this is a facial constitutional challenge to a legislative enactment."

¶7 Based on Havens's lack of standing, the District Court granted the State's motion for summary judgment and dismissed the case with prejudice on October 20, 2025.

3

¶8 We review an entry of summary judgment de novo. *Hubbell v. Gull Scuba Ctr., LLC*, 2024 MT 247, ¶ 8, 418 Mont. 399, 558 P.3d 1094 (citing *McClue v. Safeco Ins. Co.*, 2015 MT 222, ¶ 8, 380 Mont. 204, 354 P.3d 604). Summary judgment is appropriate when the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Hubbell*, ¶ 8 (citing *McClue*, ¶ 8); M. R. Civ. P. 56(c)(3). "This determination is based on 'facts that would be admissible in evidence,' M. R. Civ. P. 56(e)(1), viewed in the light most favorable to the non-moving party." *Hubbell*, ¶ 8 (quoting *McClue*, ¶ 8).

¶9 Standing is a justiciability issue that we review de novo. *Shreves v. Mont. Dep't of Lab. & Indus.*, 2024 MT 256, ¶ 7, 418 Mont. 514, 558 P.3d 784 (citing *350 Mont. v. State*, 2023 MT 87, ¶ 11, 412 Mont. 273, 529 P.3d 847). "When considering a summary judgment motion asserting a party lacks standing, a court must consider the specific facts set forth by the party opposing the motion, 'which for purposes of the summary judgment motion will be taken to be true.'" *Barrett v. State*, 2024 MT 86, ¶ 19, 416 Mont. 226, 547 P.3d 630 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992)).

¶10 The judicial power of Montana's courts is limited to justiciable "cases" or "controversies." *Barrett*, ¶ 29 (citing *Plan Helena, Inc. v. Helena Reg'l Airport Auth. Bd.*, 2010 MT 26, ¶¶ 6-8, 355 Mont. 142, 226 P.3d 567). The irreducible constitutional minimum of standing has three elements: (1) injury in fact (a concrete harm that is actual or imminent, not conjectural or hypothetical); (2) causation (a fairly traceable connection between the injury and the conduct complained of); and (3) redressability (a likelihood that the requested relief will address the alleged injury). *Barrett*, ¶ 30 (quoting *Heffernan*, ¶ 32).

For case-or-controversy standing, a plaintiff must "clearly allege a past, present, or threatened injury to a property or civil right, and the injury must be one that would be alleviated by successfully maintaining the action." *Shreves*, ¶ 12 (quoting *Advocs. for Sch. Tr. Lands v. State*, 2022 MT 46, ¶ 19, 408 Mont. 39, 505 P.3d 825). A plaintiff must have a "personal stake in the outcome," otherwise there is "no actual case or controversy" and the Court does not have the power to act. *Shreves*, ¶ 12 (quoting *Heffernan*, ¶ 29).

¶11　If a claim is not predicated on the government's unlawful regulation of the plaintiff, but rather "the government's 'unlawful regulation (or lack of regulation) of *someone else*,' 'standing is not precluded, but it is ordinarily substantially more difficult to establish.'" *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 382, 144 S. Ct. 1540, 1556 (2024) (quoting *Lujan*, 504 U.S. at 562). Under this standard, a plaintiff does "not have standing to sue simply because *others* are allowed to engage in certain activities—at least without the plaintiffs demonstrating how they would be injured by the government's alleged under-regulation of others." *All. for Hippocratic Med.*, 602 U.S. at 393.

¶12　Havens has not demonstrated that he meets the constitutional injury-in-fact requirement for standing. *Barrett*, ¶ 30. Havens is neither a producer, seller, nor consumer of the foods regulated by the Act. He admitted that he would never eat anything produced under that act or buy anything under that act, and admits in his opening brief that he "is in fact uninjured." His argument that he has standing "simply because he wished many others to also remain uninjured" does not confer standing, as "a strong moral, ideological, or policy objection to a government action" does not establish either an injury-in-fact or causation. *All. for Hippocratic Med.*, 602 U.S. at 386. Havens has not provided evidence

5

of a "past, present, or threatened injury" traceable to the Act that confers standing. *Shreves*, ¶ 12 (quoting *Advocs. for Sch. Tr. Lands*, ¶ 19). The District Court correctly dismissed Havens's claims for lack of standing.

¶13 On appeal, Havens relies on *Held v. State*, 2024 MT 312, 419 Mont. 403, 560 P.3d 1235, to argue that he has "public interest standing." Even assuming, for the sake of argument, that *Held* supports Havens's position, that case was decided *before* the State filed its motion to dismiss. The District Court record does not reflect that Havens advanced this argument before that court. A party is not authorized "to advance entirely new standing theories for the first time on appeal." *D.A. Davidson & Co. v. Slaybaugh ex rel. Whitefish Masonic Lodge 64*, 2024 MT 264, ¶ 19, 418 Mont. 531, 558 P.3d 1100. "The rule is well established that this Court will not address an issue raised for the first time on appeal." *Smith v. State*, 2024 MT 225, ¶ 21, 418 Mont. 210, 557 P.3d 55 (citation omitted). We decline to address Havens's argument that he has "public interest standing" on appeal.

¶14 Because Havens's case was dismissed on jurisdictional grounds, we must address the District Court's dismissal with prejudice. "[S]tanding is a threshold jurisdictional requirement, that a court must evaluate at every stage of litigation." *Gottlob v. Desrosier*, 2025 MT 56, ¶ 11, 421 Mont. 176, 535 P.3d 1196 (citations and quotation omitted). Although "summary judgment is a ruling on the merits which terminates a complainant's district court proceedings with prejudice," *Meagher v. Butte-Silver Bow City-Cnty.*, 2007 MT 129, ¶ 17, 337 Mont. 339, 160 P.3d 552, deciding a case on jurisdictional grounds inherently means the case was *not* decided on the merits. *Gottlob*, ¶ 14 (quoting *Cross ex rel. Cross v. State*, 2024 MT 303, ¶ 14, 419 Mont. 290, 560 P.3d 637) ("Standing

6

is a justiciability doctrine that is 'employed to refuse to determine the merits of a legal claim.'").  M. R. Civ. P. 41(b) provides: "Unless the dismissal order states otherwise, a dismissal . . . *except one for lack of jurisdiction* . . . operates as an adjudication on the merits."  (Emphasis added.)  We recognize that "dismissal for lack of standing should generally be without prejudice."  *Gottlob*, ¶ 20 (collecting cases).  Accordingly, we conclude that the District Court should have dismissed Havens's claims without prejudice.

¶15  We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.  The District Court did not err by granting summary judgment to the State based on Havens's lack of standing.  We affirm the District Court's dismissal of Havens's case on that basis.  The District Court erred by dismissing Havens's case with prejudice.  We remand for correction of the order to reflect that correction.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ CORY J. SWANSON
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ KATHERINE M. BIDEGARAY

7